IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RISEWELL LLC d/b/a RISEWELL, a New York limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HAPPY TOOTH PRODUCTS, LLC, a Utah limited liability company; and WALLSBURG FARMS, INC., a Utah corporation; and DOES 1-15,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER RESOLVING MOTIONS TO DISMISS AND TO BIFURCATE**<br><br>Case No. 2:25-cv-00359-JNP-JCB<br><br>Chief District Judge Jill N. Parrish |

On May 6, 2025, Plaintiff RiseWell LLC filed a complaint against Defendants Happy Tooth Products, LLC, Wallsburg Farms, Inc., and Does 1-15, representing individuals, agents, and employees of Defendants. ECF No. 18 ¶¶ 1–4. On June 6, Defendant Wallsburg Farms filed a motion to dismiss the complaint, and on June 12, Defendant Happy Tooth filed a motion to dismiss Plaintiff's sixth cause of action. ECF Nos. 16, 19. On August 15, Happy Tooth additionally filed a motion to bifurcate. ECF No. 38. For the following reasons, the court denies Wallsburg Farms' motion to dismiss as moot, grants Happy Tooth's motion to dismiss the sixth cause of action, and denies Happy Tooth's motion to bifurcate.

## BACKGROUND[1]

Plaintiff RiseWell alleges that on or after October 2020, Defendants misappropriated one

---

[1] The court recites the facts as alleged in RiseWell's First Amended Complaint.

of RiseWell's trade secrets—its proprietary natural toothpaste formula that it spent years developing. ECF No. 18 ¶¶ 7, 15. Specifically, RiseWell alleges that Happy Tooth approached RiseWell's manufacturer, Wallsburg Farms, to gain access to the formula. *Id.* ¶ 7. As the manufacturer, Wallsburg Farms had knowledge of RiseWell's proprietary formula, including non-public information about specific concentrations of ingredients. *Id.* ¶ 9. RiseWell alleges that in violation of the Confidentiality Agreement it had with Wallsburg Farms, Defendants used the formula to develop and market competing products. *Id.* ¶¶ 7, 10–11.

As part of the alleged misappropriation, RiseWell alleges that Happy Tooth launched a new toothpaste based on RiseWell's formula. *Id.* ¶ 13. However, RiseWell also alleges that Happy Tooth's new toothpaste product was initially filled with Happy Tooth's original toothpaste formula despite the packaging listing RiseWell's ingredients. *Id*. RiseWell alleges that Happy Tooth then corrected the mismatch, filling its packaging with RiseWell's formula. *Id.* ¶ 14.

On or about March 19, 2025, RiseWell learned of the alleged misappropriation. *Id.* ¶ 17. The company alleges that it has suffered ongoing actual losses consisting of lost sales, price erosion, loss of the cost of development of formula and brand, and marketing expenses to counter the competing product, exceeding in total $6,000,000. *Id.* ¶ 18.

On May 6, 2025, RiseWell filed its Original Complaint against Defendants, alleging numerous causes of actions, including tortious interference with business relations against Happy Tooth and Does 1-15. *Id.* ¶¶ 72–76. The Original Complaint, however, incorrectly listed RiseWell as a Utah company, rather than a New York company. ECF No. 2. Defendant Wallsburg Farms filed a motion to dismiss based on this error. ECF No. 16. RiseWell subsequently filed its First Amended Complaint, correcting the error. ECF No. 18. Defendant Happy Tooth then filed a motion to dismiss the tortious interference claim and a motion to bifurcate. ECF Nos. 19, 38.

**LEGAL STANDARD**

Happy Tooth argues that the tortious interference with business relations claim against it should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

With respect to the motion to bifurcate, Federal Rule of Civil Procedure 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).

**ANALYSIS**

As an initial matter, Defendant Wallsburg Farms' motion to dismiss was mooted by RiseWell's First Amended Complaint, which corrected the error at issue by properly identifying RiseWell as a New York company. The court thus denies the motion as moot. The court next considers Happy Tooth's motion to dismiss and then addresses its motion to bifurcate.

I.      **Motion to Dismiss**

To prevail on a tortious interference claim, a complaint must allege (1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) by improper means, (3) causing injury to the plaintiff. *Harvey v. Ute Indian Tribe of Uintah & Ouray*

*Rsrv.*, 2017 UT 75, ¶ 71, 416 P.3d 401 (citing *Eldridge v. Johndrow*, 2015 UT 21, ¶ 70, 345 P.3d 553). "To establish . . . improper means, a plaintiff must show 'that the defendant's means of interference were contrary to statutory, regulatory, or common law or violated an established standard of a trade or profession.'" *Harvey*, 2017 UT 75, ¶ 71 (quoting *Anderson Dev. Co. v. Tobias*, 2005 UT 36, ¶ 20, 116 P.3d 323). In other words, the defendant's conduct must be "independently tortious or wrongful." *C.R. England v. Swift Transportation Co.*, 2019 UT 8, ¶ 45, 437 P.3d 343. The Utah Supreme Court has provided a non-exhaustive list of conduct that that would constitute improper means: "violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood[s]." *Id.* ¶ 42.

Here, RiseWell alleges that it had an existing economic relationship with Wallsburg Farms, established by the Confidentiality Agreement between the two parties. RiseWell also alleges that Happy Tooth and Does 1-15 intentionally interfered with this economic relationship by inducing Wallsburg Farms to breach the Confidentiality Agreement. It further alleges that Happy Tooth used improper means in its interference, "including but not limited to," (1) inducing Wallsburg Farms to breach the agreement, (2) soliciting RiseWell's trade secrets from Wallsburg Farms, and (3) using the misappropriated information in direct competition with RiseWell. Finally, RiseWell alleges that it was injured by the interference.

RiseWell's complaint sufficiently alleges that Happy Tooth intentionally interfered with RiseWell's economic relations with Wallsburg Farms and that RiseWell was injured. ECF No. 18 ¶¶ 73–76. However, Happy Tooth argues that RiseWell has not plead sufficient allegations to establish the improper means element of the claim. Specifically, Happy Tooth argues that Plaintiff has alleged no independently tortious or wrongful conduct.

The court agrees that RiseWell's complaint does not allege any conduct that is independently tortious or wrongful. The first two alleged improper means simply re-allege the act of interference itself, which is insufficient to satisfy the improper means requirement. *See Smart Surgical, Inc. v. Utah Cord Bank, Inc.*, No. 2:20-CV-00244-JNP, 2021 WL 734954, at *3 (D. Utah Feb. 25, 2021). The third alleged improper means—using the misappropriated information in direct competition with RiseWell—speaks to potential damages, rather than to a means of interfering with the economic relationship between RiseWell and Wallsburg Farms.

RiseWell appears to concede that these listed improper means are insufficient. ECF No. 28 at 2. In its response, RiseWell argues only that Happy Tooth "failed to cite to the language in the First Amended Complaint that set forth" the actual improper means. *Id.* RiseWell asserts that the relevant conduct is apparently the allegation that Happy Tooth engaged in deceit and misrepresentation by initially selling its own toothpaste formula in packaging that listed the ingredients for RiseWell's proprietary formula.

This alleged deceit and misrepresentation, however, is also insufficient to support the tortious interference claim. The tortious interference claim arises from Happy Tooth allegedly inducing Wallsburg Farms to breach its Confidentiality Agreement with RiseWell. Any stated improper means must give rise to this interference. The alleged deceit and misrepresentation here—the mismatch between the toothpaste and its listed ingredients—is a *product* of the alleged interference, not the *means* through which the interference occurred.

Accordingly, RiseWell has not plausibly plead a claim for tortious interference with business relations, and the court grants Happy Tooth's motion to dismiss the claim.

## II.  Motion to Bifurcate

Happy Tooth also moves to bifurcate discovery and trial on the issues of liability and

damages as it pertains to the claims alleged against it.[2] ECF No. 38. It further requests the court stay discovery on damages until after a finding of liability, if any, against Happy Tooth. RiseWell opposes the motion.[3] ECF No. 40.

Rule 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Districts courts have broad discretion in deciding whether to sever issues for trial. *Easton v. City of Boulder, Colo.*, 776 F.2d 1441, 1447 (10th Cir. 1985). However, bifurcation "is not 'the norm or even a common occurrence.'" *Alfwear, Inc. v. Icon Health & Fitness, Inc.*, No. 2:17-CV-00476-EJF, 2018 WL 6592728, at *1 (D. Utah Dec. 14, 2018) (citing *Bonham v. GEICO Cas. Co.*, No. 15-CV-02109-MEH, 2016 WL 26513, at *1 (D. Colo. Jan. 4, 2016)) (citation modified). Instead, "the presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses." *Sensitron, Inc. v. Wallace*, 504 F. Supp. 2d 1180, 1186 (D. Utah 2007) (quoting *Patten v. Lederle Labs.*, 676 F. Supp. 233, 238 (D. Utah 1987)).

---

[2] Defendant Wallsburg Farms requests that if the court decides to bifurcate discovery and trial with respect to liability and damages, it does so for all claims and counterclaims in the case "as a matter of efficiency, and to simplify discovery . . . ." ECF No. 46 at 1. Because the court declines to bifurcate discovery and trial, the court need not consider the request.

[3] After Happy Tooth filed its reply brief to its motion to bifurcate, RiseWell filed an objection, asserting that Happy Tooth argued for the first time in its reply brief (1) that the sharing of sensitive financial information is a basis to bifurcate and (2) that RiseWell's discovery responses support bifurcation. The court notes that Happy Tooth did in fact raise the financial information argument in its initial motion. *See* ECF No. 38 at 7–8. Similarly, Happy Tooth's discussion about RiseWell's discovery responses arguably folds into Happy Tooth's initial argument that bifurcation could help to avoid "premature, unnecessary litigation and discovery regarding damages." *See* ECF No. 38 at 5. Nevertheless, as Happy Tooth stated it would not object to RiseWell's surreply or file additional briefing, the court considers the surreply in its decision. *See* ECF No. 44 at 2.

Bifurcation is appropriate where the court finds "(1) that convenience of a particular party or both parties together favors separate trials; (2) that expedition or economization of time and resources favor separate trials; or (3) that prejudice would result to one or more parties if separate issues were tried in a single trial." *Vine v. GEICO Indemn. Co.*, No. 1:17-cv-00010-JNP-DBP, 2017 WL 3498680, at *1 (D. Utah Aug. 15, 2017). "The burden is on the defendant to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen delay, expense, and inconvenience to all parties." *Sensitron*, 504 F. Supp. 2d at 1186 (quoting *Patten*, 676 F. Supp. at 238). Here, the court does not find that a bifurcated discovery process and trial are warranted.

Defendant Happy Tooth first argues that none of RiseWell's four remaining claims require proof of damages to establish liability, and, thus, the issues are clearly separable. The remaining claims are for (1) violations of the federal Defend Trade Secrets Act; (2) misappropriation of trade secrets under the Utah Uniform Trade Secrets Act; (3) common law unfair competition; and (4) violations of the Utah Unfair Competition Act. RiseWell does not dispute this point, but demonstrating the separability of the issues is not alone sufficient in showing a separate trial is proper. *See Sensitron*, 504 F. Supp. 2d at 1186.

Happy Tooth next argues that bifurcating the issues would be the most convenient, expeditious, and economic route for the court and the parties. ECF No. 38 at 5. It argues that because a liability determination can be separated from the issue of damages, bifurcating would potentially avoid unnecessary discovery and save time and money. RiseWell responds that bifurcation may in fact double the deposition and logistical costs for each party and may require witnesses to testify twice in two separate trials. Both arguments here speak to speculative costs or savings, and because the burden lies with Happy Tooth, the court finds that these factors do not

favor bifurcation.[4] *See Patten v. Lederle Lab'ys*, 676 F. Supp. 233, 238 (D. Utah 1987) (denying a motion to bifurcate in part because "the savings of time and expenses [the defendant] suggests would result from bifurcation are speculative at best").

Happy Tooth also argues that bifurcation would reduce jury confusion. According to Happy Tooth, the issues of liability and consumer confusion present in the case are complicated, with the latter being subject to extensive expert testimony and surveys. It similarly argues that any damages calculations will be complex. Happy Tooth asserts that not bifurcating discovery and trial on these issues would potentially prejudice it, as a jury might conflate the company's profitability or RiseWell's potential plateau or decrease in sales with the issue of consumer confusion. In contrast, Happy Tooth asserts that bifurcation will not prejudice RiseWell because none of the claims require evidence of damages to establish liability.

RiseWell, in response, argues that this case is not complicated, dealing only with "a mere handful of witnesses" and "limited financial statements." ECF No. 40 at 6. RiseWell also asserts it will be prejudiced by the bifurcation, which it views as "forc[ing] [it] to present its case theory through Happy Tooth's preferred vacuum of information." ECF No. 40 at 6.

The court finds Happy Tooth's arguments on the issues of jury confusion and prejudice unpersuasive. While there is often a risk of juror confusion in trials, juries "are frequently asked to decide far more complex and intertwined issues than those presented in this case, regularly rising to the occasion and parsing the intricacies of instructions to guide them as to when to consider particular evidence and when to disregard it." *Bonham v. GEICO Cas. Co.*, No. 15-CV-02109-

---

[4] Happy Tooth can also receive an earlier determination of liability through filing a motion for summary judgment.

MEH, 2016 WL 26513, at*2 (D. Colo. Jan. 4, 2016). Similarly, courts have previously found allegedly "complex liability and damages proofs" as insufficient to support a bifurcation motion. *See Sensitron*, 504 F. Supp. 2d at 1186. Furthermore, because RiseWell maintains that its theory of the case relies heavily on the financial motivations underlying Happy Tooth's actions, the court is not convinced that bifurcation would not prejudice RiseWell. A plaintiff generally should be able to present its case in the way it chooses. *Id.*

Finally, Happy Tooth argues that it may be unnecessarily harmed by the disclosure of its sensitive sales information, relevant to the damages determination, if the court denies the motion to bifurcate and RiseWell ultimately fails to prove that Happy Tooth is liable. This argument is similarly uncompelling. Both parties have agreed to abide by a protective order. *See* ECF No. 32 at 4. The court finds that much of the potential harm can be mitigated by this "cautionary measure[.]" *See Tri-R Sys., Ltd. v. Friedman & Son, Inc.*, 94 F.R.D. 726, 728–29 (D. Colo. 1982) ("Courts recognize that where the degree of potential prejudice is not compelling, the trial judge can often mitigate the suggested prejudice through appropriate jury instructions and other devices."); *Ranco Inc. of Delaware v. Caleffi N. Am., Inc.*, No. 05 CV 119, 2005 WL 8179197, at *5 (N.D. Ill. Aug. 22, 2005) (finding a protective order sufficient to ameliorate the risk of prejudice from disclosure of financial documents). Happy Tooth emphasizes that a protective order would not prevent the disclosure of its sales data in open court, but this potential prejudice to Happy Tooth alone is insufficient to warrant bifurcation. Ultimately, the court finds this case to be a "typical case" in which allowing matters to proceed together is more appropriate. *Sensitron*, 504 F. Supp. 2d at 1186.

## CONCLUSION AND ORDER

The court hereby **DENIES** Defendant Wallsburg Farms' motion to dismiss as moot,

**GRANTS** Defendant Happy Tooth's motion to dismiss Plaintiff's sixth cause of action, and **DENIES** Defendant Happy Tooth's motion to bifurcate.

Signed December 8, 2025.

BY THE COURT

Jill N. Parrish
United States Chief District Judge